# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

COREY ROLAND,                              :
AIS 173444,
                                           :
    Plaintiff,
                                           :
vs.                                            CA 07-0755-CG-C
                                           :
JAMES REYNOLDS, et al.,
                                           :
    Defendants.

## REPORT AND RECOMMENDATION

    Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed, prior to service of process, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), because plaintiff can prove no set of facts to avoid the applicable statute of limitations bar.

## **FINDINGS OF FACT**

1. On October 16, 2007,[1] plaintiff filed a complaint in this Court pursuant to 42 U.S.C. § 1983. (Doc. 1) Therein, plaintiff challenges an alleged violation of his constitutional rights by prison officials at the Loxley Work Release Center in January through March of 2005. (*See id*. at 4-8) According to Roland, the defendants conspired with one another to remove him from work release and transfer him to a medium security prison based upon the positive drug test of another inmate which was falsely attributed to him. (*See id*.) Interestingly, plaintiff insists that he was removed from work release based upon the foregoing factual scenario despite his admission that he was "shipped to Fountain for fighting without a weapon[]" on March 24, 2005. (*Id*. at 8; *see also id*. ("This was in 2005. When I got to Fountain, I filed a habeas corpus, but I haven't heard anything on it."))

2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) was granted by order dated October 30, 2007 (Doc. 3). Plaintiff was ordered to pay a partial filing fee within twenty days of the date of the order (*id*.); this fee, in

---

[1] For purposes of determining the filing date, the Court looks to the date that the plaintiff signs his complaint seeking relief and turns it over to prison officials for mailing, rather than the date of receipt by this Court stamped on the front of the complaint (in this case, October 22, 2007). *Cf. Stafford v. Thompson*, 328 F.3d 1302, 1304 (11th Cir. 2003) ("One hundred and seventy-two days (172) elapsed, however, before Stafford submitted his § 2254 petition to prison officials for mailing on September 28, 2001.").

the amount of $7.16, was paid by Roland on November 15, 2007 (Doc. 4).

> 4. If the money order is timely received by the Clerk, the Clerk is directed to forward this action to the undersigned judge for review under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), which requires that after the payment of the filing fee, or a portion thereof, the Court dismiss an action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. After an action is screened and is not dismissed on one of the enumerated grounds, then the complaint will be served. However, if during the screening process, this action is dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, this dismissal will be counted when Plaintiff files a future action in determining whether to dismiss that future action for the reason that Plaintiff previously had filed three of more actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).
>
> 5. . . . While Plaintiff is a prisoner, the payment of the remainder of the $350.00 filing fee shall be made in accordance with 28 U.S.C. § 1915(b)(2).

(Doc. 3, at 2-3)

3. Plaintiff's recently-filed motion to assess the costs of this proceeding upon the defendants (Doc. 5) is **MOOT** in light of the contents of this report and recommendation.

## **CONCLUSIONS OF LAW**

1. Because plaintiff is proceeding *in forma pauperis*, the Court is

reviewing plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[2]  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke, supra*, 490 U.S. at 325, 109 S.Ct. at 1831-1832.  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.*  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citation omitted); *see Mitchell v. Farcass,* 112 F.3d 1483, 1490

---

[2]  The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered.  *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-1349.

(11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).  Dismissal for failure to state a claim is also warranted when a successful affirmative defense, such as a statute of limitations bar, appears on the face of a complaint.  *Jones v. Bock*, ___ U.S. ___, ___, 127 S.Ct. 910, 920-921, 166 L.Ed.2d 798 (2007); *see also Burt v. Martin*, 193 Fed.Appx. 829, 830, 2006 WL 1995603, *1 (11th Cir. 2006) ("Dismissal of a prisoner's complaint as time-barred prior to service will also be appropriate if it 'appear[s] beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'").

      2.     "In states where more than one statute of limitations exist, the forum state's general or residual personal injury statute of limitations applies to all § 1983 actions filed in federal court in that state." *Burt, supra,* at 830, citing *Owens v. Okure*, 488 U.S. 235, 236, 249-250, 109 S.Ct. 573, 580-582, 102 L.Ed.2d 594 (1989). Here in Alabama, the pertinent residual personal injury limitations period is two years. *Id*., citing *Jones v. Preuit & Mauldin,* 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*). "A cause of action accrues for purposes of determining when the statute of limitations period began to run when the plaintiff knew or should have known of his injury and its cause." *Id*.

(citations omitted).

      3.      Roland alleges in his complaint that the defendants violated his constitutional rights in January, February and March of 2005. Certainly, plaintiff learned of the injury for purposes of beginning the running of the two-year statute of limitations by no later than March of 2005 inasmuch as he clearly states in his complaint that he filed a petition seeking habeas corpus relief immediately upon arriving at Fountain Correctional Facility. *Compare Burt, supra,* at 830 with Doc. 1, at 8. Roland filed the instant complaint in mid-October of 2007, more than two and one-half years later. Therefore, plaintiff's complaint is clearly barred by the applicable two-year statute of limitations. Because Roland can prove no set of facts to avoid the foregoing statute of limitations bar, dismissal of the complaint prior to service is appropriate under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## **CONCLUSION**

Based upon the foregoing reasons, it is recommended that this action be dismissed, prior to service of process, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), because plaintiff can prove no set of facts to avoid the applicable statute of limitations bar.

The instructions which follow the undersigned's signature contain

important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 10th day of December, 2007

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                      s/WILLIAM E. CASSADY
                                                     UNITED STATES MAGISTRATE JUDGE